UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES B. HUMPHREY, JR., § <br> CHRISTOPHER D. HUMPHREY, § <br> CHARLES R. CLEVELAND, JR., D.D.S, § <br> RONALD HUMPHREY, § <br> CHARLES W. ANDERSON, D.D.S., § <br> WILLIAM T. CONE, JR., § <br> CHARLES R. CLEVELAND, SR., § <br> and § <br> JULIE CLEVELAND, § <br> § <br> Plaintiffs, § <br> VS. § <br> § <br> RAY KRENEK, § <br> GREAT TEXAS OIL & GAS TRUST, § <br> WAYNE KNAPPICK, § <br> K&K TRUST, § <br> and § <br> FLORIAN DRYMALA, § <br> § <br> Defendants. § | CIVIL ACTION NO. H-04-2051 |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiffs' first amended motion for leave to file their Third Amended Complaint. After considering the parties' filings and the applicable law, the Court finds that the motion, Docket No. 68, should be and hereby is **GRANTED**. The Clerk of the Court is hereby **ORDERED** to add Plaintiffs' Third Amended Complaint to the docket.

The Federal Rules of Civil Procedure provide that leave to amend a pleading "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). The Fifth Circuit has held that, "[u]nless there is a substantial reason to deny leave to amend, the discretion

of the district court is not broad enough to permit denial." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000) (internal quotation marks omitted).

A court may, however, deny leave to amend when amendment would be futile. *See id.* at 872-73. Amendment is futile if "the amended complaint would fail to state a claim upon which relief could be granted." *Id.* at 873. The standard for determining the futility of amendment is the same standard that applies to motions to dismiss for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(6). *Id.* The 12(b)(6) standard requires a court to look only to the parties' pleadings. *See, e.g.*, *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir. 2005). A court "may not dismiss a claim under [R]ule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief." *Stripling*, 234 F.3d at 873 (internal quotation marks omitted).

Defendants argue that Plaintiffs cannot satisfy the 12(b)(6) standard, because their claims are barred by the statute of frauds. According to Defendants, Plaintiffs cannot prove, as they must, that they are beneficiaries of the trusts at issue, because no trust documents have ever existed. As Plaintiffs point out, however, the statute of frauds is an affirmative defense that Defendants are required to plead. Defendants have not done so. Plaintiffs, in contrast, have pled that they are beneficiaries of the trust. (*See* 2d Am. Compl. at 3 ¶ 16.)

Moreover, despite Defendants' insistence that the dispositive issue is a legal one, in actuality the relevant question is one of fact: whether or not documents exist that support Plaintiffs' claims. Because the Court cannot decide this issue without looking beyond the pleadings, and because Defendants' pleadings are insufficient even to raise

the issue, Defendants' attack on Plaintiffs' claims must fail at this stage. Plaintiffs' motion to amend is, therefore, **GRANTED**.

    **IT IS SO ORDERED**.

    **SIGNED** at Houston, Texas, on this the 4th day of January, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**