UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES B. HUMPHREY, JR., § <br> CHRISTOPHER D. HUMPHREY, § <br> CHARLES R. CLEVELAND, JR., D.D.S, § <br> RONALD HUMPHREY, § <br> CHARLES W. ANDERSON, D.D.S., § <br> WILLIAM T. CONE, JR., § <br> CHARLES R. CLEVELAND, SR., § <br> and § <br> JULIE CLEVELAND, § <br> § <br> Plaintiffs, § <br> VS. § <br> § <br> RAY KRENEK, § <br> GREAT TEXAS OIL & GAS TRUST, § <br> WAYNE KNAPPICK, § <br> K&K TRUST, § <br> and § <br> FLORIAN DRYMALA, § <br> § <br> Defendants. § | CIVIL ACTION NO. H-04-2051 |

**MEMORANDUM AND ORDER**

Pending before the Court are the parties' cross-motions for summary judgment. After reviewing the parties' filings and oral arguments and the applicable law, the Court finds that Plaintiffs' motion, Docket No. 79, should be and hereby is **DENIED**, and that Defendants' motion, Docket No. 83, should be and hereby is **GRANTED**. Plaintiffs' federal claims are hereby **DISMISSED WITH PREJUDICE**. Plaintiffs' state law claims are hereby **DISMISSED WITHOUT PREJUDICE**.

**I.     BACKGROUND**

Between 1999 and 2002, Plaintiffs invested in two oil and gas wells, the Cleve-Tex well and the Kren-Tex well, both of which were drilled and operated by Defendants.

In return for their investments, Plaintiffs received assignments granting them partial interests in any oil or gas produced by the wells. Neither well yielded a commercially valuable quantity of oil or gas. In May 2004, Plaintiffs filed suit, alleging that the assignments constituted securities that were required by federal law to be registered. Plaintiffs also asserted state law claims for violations of Texas securities laws, for breach of fiduciary duty, for an accounting, and for a declaratory judgment. All parties now move for summary judgment.

## II. ANALYSIS

### A. Summary Judgment Standard

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. *See* FED. R. CIV. P. 56(c). "Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir.), *cert. denied*, 534 U.S. 892 (2001) (internal quotation marks and citation omitted). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could enter a verdict for the non-moving party." *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). This Court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Id*.

### B.     The Federal Securities Law Claim

In their Fourth Amended Complaint, Plaintiffs allege that Defendants Great Texas Oil & Gas Trust ("Great Texas") and Ray Krenek sold unregistered securities in violation of the Securities Act of 1933, 15 U.S.C. §§ 77e & 77l(a)(1).  (4th Am. Compl. at 5 ¶ 22.) Section 77e provides that:

> Unless a registration statement is in effect as to a security, it shall be unlawful for any person, directly or indirectly –
> (1) to make use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise; or
> (2) to carry or cause to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale.

15 U.S.C. § 77e(a).

Section 77l(a) provides that:

> Any person who –
> (1) offers or sells a security in violation of section 77e of this title . . . shall be liable . . . to the person purchasing such security from him, who may sue either at law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or for damages if he no longer owns the security.

*Id.* § 77(l)(a)(1).

Claims arising from § 77l(a)(1) are subject to a limitations period:

> No action shall be maintained to enforce any liability . . ., if the action is to enforce a liability created under section 77l(a)(1) of this title, unless brought within one year after the violation upon which it is based.  In no event shall any such action be brought to enforce a liability created under . . . [section] 77l(a)(1) of this title more than three years after the security was *bona fide* offered to the public . . . .

*Id.* § 77m. "A statute of limitations defense is an affirmative defense. *See* FED. R. CIV. P. 8(c). An affirmative defense places the burden of proof on the party pleading it." *FTC v. Nat'l Bus. Consultants, Inc.*, 376 F.3d 317, 322 (5th Cir. 2004).

All parties appear to agree that the limitations provision governing § 77l(a)(1) claims is subject to a discovery rule – that is, that the applicable one-year limitation period did not begin to run until Plaintiffs should reasonably have discovered the alleged registration violation.[1] (*See* Defs.' Mot. for Summ. J. at 18-19; Pls.' Resp. to Defs.' Mot. for Summ. J. at 8-9.) The parties are mistaken. The discovery rule does not apply to § 77l(a)(1) claims, which must, without exception, be brought within one year of the alleged violation. 15 U.S.C. § 77m. *See also In re Elec. Data Sys. Corp. "ERISA" Litigation*, 305 F. Supp. 2d 658, 680 (E.D. Tex. 2004) (collecting cases holding that equitable estoppel and equitable tolling are inapplicable to § 77l(a)(1) claims, because the application of those doctrines would be contrary to congressional intent).

Defendants have produced summary judgment evidence that no assignments were granted in the Kren-Tex well[2] after June 5, 2002. (*See* Defs.' Mot. for Summ. J., Ex. B (Ray Krenek Aff.), at 4 ¶ 8 ("[A]s of June 5, 2002, I know for a fact that no assignments were made by me or Great Texas[,] as the drilling operations were completely taken over by K&K Trust, Wayne Knappick[,] and certain of the Plaintiffs."); *id.*, Ex. C (Florian Drymala Aff.), at 3 ¶ 8 ("As of June 5, 2002, Wayne Knappick, K&K Trust, and certain of the Plaintiffs had kicked Great Texas and Ray Krenek off of the drilling operations, and took over the drilling operations[,] to the exclusion of Ray Krenek and Great Texas.").) Plaintiffs have failed to put forward evidence of any assignment in the Kren-

---

[1] A violation occurs when unregistered stock is offered, sold, or delivered. *Doran v. Petroleum Mgmt. Corp.*, 576 F.2d 91, 93 (5th Cir. 1978).
[2] All of Plaintiffs' remaining claims are based upon alleged assignments of interests in the Kren-Tex well.

Tex well that was granted later than June 2002.  (*See* Pls.' Mot. for Partial Summ. J., Exs. B-G (assignments to Plaintiffs, all of which reflect dates in or before June 2002).)  Because, therefore, Plaintiffs filed their original Complaint in this case on May 21, 2004 – more than one year after the last sale of an alleged security – their § 77 claims are time-barred and are thus **DISMISSED WITH PREJUDICE**.

### C.     The State and Common Law Claims

Because Defendants are entitled to summary judgment on Plaintiffs' federal claims, this Court no longer has federal question jurisdiction over the instant suit.  Plaintiffs therefore urge the Court to exercise supplemental jurisdiction over Plaintiffs' state law claims, on the ground that the scheduled trial date is looming.  Supplemental jurisdiction is authorized by 28 U.S.C. § 1367(a):

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

Supplemental jurisdiction is discretionary under some circumstances, including cases in which all federal claims have been dismissed.

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Id.* § 1367(c). *See also Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999) (the dismissal of all federal claims "does not divest [a federal] court of jurisdiction; instead, the court must exercise its discretion whether to exercise supplemental jurisdiction over . . . [the remaining] state law claims").

In this Circuit, "[w]hen a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims." *Id.* However, the Fifth Circuit has held that this general rule is "neither mandatory nor absolute." *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999). The Court must, therefore, assess the specific circumstances of the instant case, using the factors enumerated in § 1367(c). *See McClelland v. Gronwaldt*, 155 F.3d 507, 519 (5th Cir. 1998), *overruled on other grounds by Arana v. Ochsner Health Plan*, 338 F.3d 433, 440 & n.11 (5th Cir. 2003).

First, the Court finds that Plaintiffs' state claims raise novel or complex issues of state law. Plaintiffs claim, *inter alia*, that they were beneficiaries of the Great Texas Trust, which was administered by Defendant Krenek as Trustee, and that they entered into a partnership with Defendants Krenek and Drymala, and therefore that Defendants Krenek and Drymala assumed – and breached – fiduciary duties to Plaintiffs. (4th Am. Compl. at 6 ¶¶ 26-28.) The Texas state courts, and not this Court, can best determine whether the transactions among the parties gave rise to a partnership or rendered Plaintiffs beneficiaries of the trust, and, if so, whether Defendants owed and breached fiduciary duties to Plaintiffs.

Second, the Court finds that it cannot, in fairness to Defendants, retain jurisdiction over Plaintiffs' state law claims. *See Batiste*, 179 F.3d at 227 (citing fairness as a factor to be considered in deciding the question of supplemental jurisdiction). Plaintiffs' federal

claims are, on their face, time-barred. Accordingly, Plaintiffs are charged with the knowledge of the non-existence of federal jurisdiction from the inception of the case. Dismissal should have been anticipated all along. While it is true that the trial date in this case is only one week away, the Court concludes that the considerations of judicial economy and the convenience of the parties, *see id.*, are outweighed by the general rule dictating refusal of supplemental jurisdiction in cases in which trial has not yet begun, combined with the complexity of the state-law issues to be decided and with Plaintiffs' improper invocation of federal jurisdiction. Plaintiffs' Texas Securities Act, breach of fiduciary duty, accounting, and declaratory judgment claims are, therefore, **DISMISSED WITHOUT PREJUDICE**. All pending motions are hereby **DENIED AS MOOT**.

    **IT IS SO ORDERED**.

    **SIGNED** at Houston, Texas, on this the 7th day of February, 2006.

    _____
    KEITH P. ELLISON
    UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**